ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>vs.<br><br>HILFIKER PIPE CO.,<br><br>Defendant. | Case No. 3:16-CV-04152-JST<br><br>**STIPULATION TO DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE; [PROPOSED] ORDER GRANTING DISMISSAL WITH PREJUDICE [FRCP 41(a)(2)]** |

Plaintiff Californians for Alternatives to Toxics ("CATs") and Defendant in the above-captioned action, stipulate as follows:

WHEREAS, on or about May 23, 2016, CATs provided Defendant with a Notice of Violations and Intent to File Suit ("CWA 60-Day Notice Letter") under Section 505 of the Federal Water Pollution Control Act ("Act" or "Clean Water Act"), 33 U.S.C. § 1365;

WHEREAS, on July 23, 2016, CATs filed its Complaint against Defendant in this Court and said Complaint incorporated by reference all of the allegations contained in CATs' CWA 60-Day Notice Letter;

WHEREAS, CATs and Defendant, through their authorized representatives and without either adjudication of CATs' claims or admission by Defendant of any alleged violation or other wrongdoing, have chosen to resolve in full by way of settlement the allegations of CATs as set forth in CATs' CWA 60-Day Notice Letter and Complaint, thereby avoiding the costs and uncertainties of further litigation. A copy of the Parties' proposed settlement agreement ("Settlement Agreement")

entered into by and between CATs and Defendant is attached hereto as **Exhibit A** and incorporated by reference;

WHEREAS, CATs has submitted the Settlement Agreement via certified mail, return receipt requested, to the U.S. EPA and the U.S. Department of Justice ("the agencies") and the 45-day review period set forth at 40 C.F.R. § 135.5 has now expired;

NOW THEREFORE, IT IS HEREBY STIPULATED and agreed to by and between the Parties that CATs' claims, as set forth in its CWA 60-Day Notice Letter and Complaint, be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The Parties respectfully request an order from this Court dismissing such claims with prejudice. In accordance with Paragraph 13 of the Settlement Agreement, the Parties also request that this Court retain and have jurisdiction over the Parties through November 1, 2019, for the sole purpose of resolving any disputes between the Parties with respect to enforcement of any provision of the Settlement Agreement.

Dated: April 14, 2017                Respectfully submitted,

                                                                      LAW OFFICES OF ANDREW L. PACKARD

                                                                       By: /s/ William N. Carlon
                                                                        William N. Carlon
                                                                       Attorneys for Plaintiff

Dated: April 14, 2017                THE ARNOLD LAW PRACTICE

                                                                        By: /s/ James R. Arnold
                                                                        James R. Arnold
                                                                        Attorneys for Defendant

**ATTESTATION FOR E-FILING**

I hereby attest pursuant to Civil L.R. 5-1(i)(3) that I have obtained concurrence in the filing of this document from the other Signatory prior to filing.

Dated: April 14, 2017                By: /s/ William N. Carlon

**[PROPOSED] ORDER**

Good cause appearing, and the Parties having stipulated and agreed,

IT IS HEREBY ORDERED that Plaintiff Californians for Alternatives to Toxics' claims against Defendant Hilfiker Pipe Co., as set forth in CATs' CWA 60-Day Notice Letter and Complaint, are hereby dismissed with prejudice, each side to bear their own attorney fees and costs, except as provided for by the terms of the accompanying Settlement Agreement.

IT IS FURTHER ORDERED that the Court shall retain and have jurisdiction over the Parties with respect to disputes arising under the Settlement Agreement attached to the Parties' Stipulation to Dismiss as Exhibit A until November 1, 2019.

IT IS SO ORDERED.

Dated: April 17, 2017

_____
JON S. TIGAR
UNITED STATES DISTRICT COURT JUDGE